**HUNT OIL COMPANY et al., Petitioners,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

**SUN OIL COMPANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

**PLACID OIL COMPANY and J. R. Goff, Trustee, Petitioners,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

**F. A. CALLERY, INC., Petitioner,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

Nos. 19395, 19399, 19401, 19403.

United States Court of Appeals
Fifth Circuit.

March 9, 1962.

Ralph B. Shank, Dallas, Tex., Robert E. May, Washington, D. C., Robert W. Henderson, Robert M. Kennedy, Shank, Irwin & Apeland, Dallas, Tex., Omar L. Crook, Washington, D. C., for petitioners Hunt Oil Co. and others.

Herf M. Weinert, Beaumont, Tex., Robert E. May, Washington, D. C., John A. Ward, III, Philadelphia, Pa., Martin A. Row, Dallas, Tex., for petitioner Sun Oil Co.

Paul W. Hicks, Shreveport, La., for petitioners Placid Oil Co. and J. R. Goff, trustee.

Richard F. Generelly, Washington, D. C., for petitioner F. A. Callery, Inc.

Ralph S. Spritzer, Gen. Counsel, Howard E. Wahrenbrock, Sol., Arthur H. Fribourg, Atty., F.P.C., Washington, D. C., for respondent.

Before TUTTLE, Chief Judge, and BROWN and BELL, Circuit Judges.

PER CURIAM.

These Petitions for Review under the Natural Gas Act, 15 U.S.C.A. § 717, challenge the order of August 30, 1961, which allows certain interventions and, broadly stated, reopens the proceedings concerning refund of a Louisiana tax for further hearing and consideration by the Federal Power Commission. The attack of Petitioners essentially is that the orders of February 21, 1961, or May 29, 1961 (or both) became final so that the

Commission lacked jurisdiction to enter the order of August 30, 1961. While this may ultimately be the decision, we agree with the Commission that the order appealed from—that of August 30, 1961—does not decide or determine anything finally. Hence, this review is premature and must await final administrative action. Indeed, in such reopened proceeding the Commission itself might determine that its prior orders forbid any further reconsideration. Or, on the merits, the Commission might conclude that only such taxes as were actually refunded by Louisiana should be refunded by Petitioners.

The petitions for review are therefore dismissed for lack of an order authorizing judicial review. It should be made clear that this is in no way a determination, intimation or expression of any views, one way or the other, concerning matters presented in these orders or petitions for review.

Petitions dismissed.